311 P.2d 542]

[S. F. No. 19507.    In Bank.    Apr. 24, 1957.]

FIRST METHODIST CHURCH OF SAN LEANDRO (a Corporation), Respondent, v. RUSSELL C. HORSTMANN, as Assessor, etc., et al., Appellants.

FIRST UNITARIAN CHURCH OF BERKELEY (a Corporation), Respondent, v. RUSSELL C. HORSTMANN, as Assessor, etc., et al., Appellants.

J. F. Coakley, District Attorney (Alameda), Richard J. Moore and Maury Engel, Deputy District Attorneys, Arthur M. Carden, City Attorney (San Leandro), and Fred Hutchinson, City Attorney (Berkeley), for Appellants.

Lawrence Speiser, William T. Belcher, Jr., Phillips, Avakian & Johnston and J. Richard Johnston for Respondents.

Landels & Weigel, Stanley A. Weigel, Frank B. Frederick and Charles E. Beardsley as Amici Curiae on behalf of Respondents.

SHENK, J.—This is an appeal by the defendants from judgment for the plaintiffs in two cases consolidated for trial and on appeal.    They are actions in which the plaintiff churches seek to recover property taxes paid under protest and for declaratory relief to determine their claim that article XX, section 19 of the Constitution and section 32 of the Revenue and Taxation Code are unconstitutional.

It appears from a written stipulation of facts that the plaintiff First Methodist Church of San Leandro owns real property devoted solely and exclusively to religious purposes within the jurisdiction of and subject to taxation by the defendant city of San Leandro and the county of Alameda.    Other facts appear which would otherwise fulfill the requirements of section 1½ of article XIII of the Constitution providing for

the exemption of such property from taxation. On March 16, 1954, an application for the exemption for the tax year 1954-1955 was filed in the office of the defendant assessor of the county of Alameda. The application was made on the form provided by the assessor, but the nonsubversive oath contained therein as required by section 19 of article XX of the Constitution and as implemented by section 32 of the Revenue and Taxation Code was stricken out and not included in the affidavit. The application was denied and the property assessed as other nonexempt property in the county and city. The plaintiff First Methodist Church paid, under protest, the first installment of its 1954-1955 taxes and brought its action to recover the same.

The cause commenced by the First Unitarian Church of Berkeley was submitted on the pleadings. It appears therefrom that this plaintiff owns real property devoted solely to religious purposes within the jurisdiction of and subject to taxation by the defendant city of Berkeley and county of Alameda. Facts are alleged which fulfill the requirements of article XIII, section 1½ of the Constitution for exemption from taxation, but in filing its application for the exemption the plaintiff struck out and refused to execute the oath contained in the application form provided by the assessor pursuant to article XX, section 19 of the Constitution and section 32 of the Revenue and Taxation Code. The application was denied. Taxes were assessed without benefit of the exemption and were paid by the plaintiff church under protest.

The judgment in the consolidated action declared section 19 of article XX of the Constitution and section 32 of the Revenue and Taxation Code to be invalid on numerous grounds, and ordered a refund of taxes paid in the amounts stipulated in the protests filed with the payments.

The contentions asserted in support of the judgment have been discussed and disposed of adversely to the plaintiffs' contentions in the case of *First Unitarian Church of Los Angeles* v. *County of Los Angeles, ante,* p. 419 [311 P.2d 508]. It was held in that case that the oath could validly be required of churches as a condition to granting the tax exemption. That case is controlling here.

The judgment is reversed.

Schauer, J., Spence, J., and McComb, J., concurred.

TRAYNOR, J., Dissenting.—For the reasons stated in my dissenting opinion in *First Unitarian Church of Los Angeles*

v. *County of Los Angeles, ante,* p. 419 [311 P.2d 508], I would affirm the judgment.

Gibson, C. J., concurred.

CARTER, J., Dissenting.—For the reasons stated in my dissenting opinion in *First Unitarian Church of Los Angeles* v. *County of Los Angeles, ante,* p. 419 [311 P.2d 508], I would affirm the judgment.